# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:10-CV-1545
:
J. A. MILLER, et al., : (Judge Munley)
:
    Defendants :

## MEMORANDUM
### Background

James Freeman ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Cresson, Pennsylvania ("SCI-Cresson"), initiated this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The required filing fee has been paid in full. For the reasons set forth below, Freeman's action will be partially dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915A.

Named as Defendants are the Pennsylvania Board of Probation and Parole (Parole Board); Judge Robert B. Sacavage; Magistrate Judge John Cyembic; District Attorney Rosini; Assistant District Attorney Michael Toomey; Pennsylvania State Trooper Kevin Kearney; Doctor Michael Wiesner; as well as Physician Assistants Shylensburg and Davis. Freeman is also proceeding against various employees at SCI-Cresson and his former place of incarceration, the

1

State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp).

Freeman's Complaint alleges in part that as the result of an incident which apparently occurred during his SCI-Coal Township incarceration, he was charged with indecent exposure by Trooper Kearney, who purportedly failed to conduct a proper investigation. See Doc. 1, § 39. This charge was prosecuted in the Northumberland County Court of Common Pleas by District Attorney Rosini and Assistant District Attorney Toomey who allegedly denied Plaintiff due process including a violation of his right to speedy trial. See id. at ¶¶ 40. It is further asserted that Judge Sacavage and Magistrate Judge John Cyembic acted improperly when presiding over respective portions of Plaintiff's Northumberland County criminal prosecution. See id. at ¶¶ 38, 42-44. Plaintiff's remaining claims are assertions of constitutional misconduct by prison staff and Parole Board employees during his ongoing state confinement.

## Discussion

### Standard of Review

As previously noted, Plaintiff has paid the required filing fee. Based upon recent filings, he has also apparently served the Complaint on Defendants. Nonetheless, 28 U.S.C. § 1915A requires this Court to conduct an initial screening of the Complaint. § 1915A provides in pertinent part:

> (a) **Screening.** -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

> (1) is frivolous, malicious, or fails to state a claim upon which
> relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from
> such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of ... claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Defendants Rosini and Toomey**

As previously noted, Plaintiff alleges that District Attorney Rosini and Assistant District Attorney Toomey violated his constitutional rights during the course of his Northumberland County criminal prosecution.

3

A prosecuting attorney is absolutely immune from liability for monetary damages in civil rights actions for acts which are intimately associated with the judicial phase of the criminal process, such as the initiation of the prosecution and presentation of the state's case. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties. See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984). As noted above, Freeman alleges that Rosini and Toomey denied him due process during the course of his criminal prosecution. Thus, since Plaintiff's instant claims against District Attoney Rosini and Assistant District Attorney Toomey are solely and "intimately associated with the judicial phase of the criminal process," see Imbler, 424 U.S. at 430, those two Defendants are absolutely immune from damages and dismissal will be entered in their favor.

**Defendants Kearney and Cyembic**

Plaintiff alleges that Trooper Kearney acted improperly when charging him with indecent exposure in the Northumberland County Court of Common Pleas. He adds that Magistrate Judge violated due process when presiding over a segment of Plaintiff's ensuing criminal prosecution.

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994) ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

4

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Plaintiff's claims against Defendants Kearney and Cyembic, if proven, would undermine the leagality of his indecent exposure criminal conviction. Pursuant to the standards announced in Heck, Freeman's request for damages against Trooper Kearney and District Justice Cyembic are premature because he cannot maintain his present cause of action against those Defendants until his Northumberland County criminal prosecution is rendered invalid.

**Pennsylvania Board of Probation and Parole**

Plaintiff also names the Pennsylvania Board of Probation and Parole (Parole Board) as a Defendant. A § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). It has been similarly determined by our Court of Appeals for the Third Circuit that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

The United States Supreme Court in Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), again concluded that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Supreme Court observed that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S.

5

356, 365 (1990).

Accordingly, since the Parole Board is clearly an agency or arm of the Commonwealth of Pennsylvania, it is not a person and may not be sued under § 1983. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000) (a state prison and a department within the prison are not persons and may not be sued under § 1983).

## Injunctive Relief

As partial relief, Plaintiff requests that his Northumberland County criminal prosecution be stayed. See Doc. 1, p. 15.

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). As noted above, freeman indicates that he is being subjected to an unconstitutional Pennsylvania state criminal prosecution. Thus, he is clearly attacking the legality of his apparently ongoing state criminal proceedings. The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to Preiser and Edwards, Plaintiff's request for injunctive relief, specifically, his request that his ongoing state criminal prosecution be stayed, is not properly raised in a civil rights complaint.

## Judge Sacavage

It is a well-established principle of law that judges are absolutely immune from suit for

6

damages for conduct performed in the course of their official duties. Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). Consequently, since the claims against Judge Sacavage are based on actions taken by that Defendant in the exercise of his official duties, i.e., acts which occurred during the Plaintiff's Northumberland County criminal prosecution, the Judge is entitled to absolute immunity from monetary damages. An appropriate Order will enter.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

DATED: OCTOBER 4, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN,
:
Plaintiff
:
:
v.
: CIVIL NO. 3:10-CV-1545
:
J. A. MILLER, et al.,
: (Judge Munley)
:
Respondent
:

## ORDER

AND NOW, to wit, this 4th day of October 2010, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1. The claims against Defendants Pennsylvania Board of Probation and Parole, Judge Robert Sacavage, District Attorney Rosini, Assistant District Attorney Michael Toomey, Trooper Kevin Kearney and Magistrate Judge John Cyembic are *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915A.

2. Plaintiff's request for injunctive relief, specifically, his request that his ongoing state criminal prosecution be stayed is **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff's remaining claims will proceed.

4.  Defendants Rosini and Toomey's motion to dismiss (doc. 19) is

    **DISMISSED AS MOOT.**

                                          BY THE COURT:

                                          _____
                                          JUDGE JAMES M. MUNLEY
                                          United States District Court