**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES FREEMAN,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 3:10-CV-1545** |
| | : | |
| **J. A. MILLER, et al.,** | : | **(Judge Munley)** |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

**Background**

James Freeman ("Plaintiff"), an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania ("SCI-Mahanoy"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Freeman's claims against Defendants Pennsylvania Board of Probation and Parole (Parole Board), Judge Robert Sacavage, District Attorney Rosini, Assistant District Attorney Michael Toomey, Trooper Kevin Kearney, and Magistrate Judge John Cyembic were sua sponte dismissed by Memorandum and Order dated October 4, 2010. See Doc. 26.

A motion to dismiss filed by Defendants Doctor Michael Weisner, Physician's Assistants (PA) Ms. Shylensburg and Davis was granted on August 26, 2011. See Doc. 50. As a result of those rulings, the Remaining Defendants consisted of twenty-five (25) identified employees ("Corrections Defendants") and multiple John and Jane Doe employees at Plaintiff's former place of incarceration, the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal

Twp).

By Memorandum and Order dated September 30, 2011, the Corrections Defendants' motion for partial dismissal (Doc. 32) was partially granted. Specifically, dismissal was entered in favor of the Commonwealth Defendants with exception of the claims that: (1) the conditions of Plaintiff's hard cell confinement were unconstitutional; (2) Officer Miller retaliated against Freeman; (3) Commonwealth Defendants failed to protect Plaintiff's safety with respect to the stabbing incident; and (4) Officer Lynn conducted an unconstitutional pat down search.

Presently pending is Plaintiff's motion seeking partial reconsideration of that decision. See Doc. 57. Freeman argues that he is entitled to relief "with only one argument" namely that his placement in solitary confinement constituted an atypical and significant hardship. Doc. 58, p. 1. Corrections Defendants have fled a brief in opposition (Doc. 61) to the reconsideration motion.

**Discussion**

While housed at SCI-Cresson on August 25, 2010, Plaintiff contends that Ms. Judy Lascavage issued him a meritless retaliatory misconduct charge alleging that he had committed indecent exposure in her class room. See Doc. 1, ¶ 26. The accusation resulted in the issuance of a prison misconduct charge as well as a state criminal prosecution. Plaintiff alleges in part that the disciplinay charge was retaliatory in that it resulted from his previous filing of a lawsuit against the Defendant's boyfriend.

In a related claim, Freeman states that during the resulting disciplinary proceeding, Hearing Officer Kerns-Barr violated his due process rights by finding him guilty of the charge despite the fact that surveillance camera footage established that he had not committed the

offense.

There is also a vague claim that Officer Knarr issued Plaintiff a false write up because Freeman previously filed a grievance against the officer. Doc. 1, ¶ 32. Plaintiff further contends that Hearing Examiner Kerms-Barr was again biased during that misconduct proceeding.

In their motion for partial dismissal, Corrections Defendants argued in part that Freeman's claims stemming from the issuance of two misconduct charges and resulting disciplinary hearings should not proceed because Plaintiff could not establish that the resulting sanctions which were imposed constitute an "atypical or significant hardship when compared to the normal incidents of prison life." Doc. 36, p. 28.

Relying on the standards announced in Sandin v. Conner, 515 U.S. 472 (1995) and subsequent cases, this Court's September 30, 2011 Memorandum and Order concluded that the false misconduct charge claims raised against Teacher Lascavage and Knarr as well as the procedural due process claims set forth regarding Hearing Examiner Kerns-Barr were meritless because Plaintiff did not allege that the terms of disciplinary confinement which were imposed by Hearing Examiner Kerns-Barr were of such magnitude as to implicate a protected liberty interest under Sandin.[1] However, Plaintiff was advised that if he could demonstrate that he was sanctioned to institutional penalties which would constitute an atypical and significant hardship under Sandin, he could seek reconsideration of this determination.

A motion for reconsideration is a device of limited utility. It may be used only to remedy manifest errors of law or fact, or to present newly discovered precedent or evidence which, if

---

[1] It was also noted that Hearing Examiner Kerns-Barr dismissed many of the charges filed by Defendant Knarr thus, undermining any claim of bias.

discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Based upon an application of the above stated factors and this Court's review of the Plaintiff's reconsideration motion, his Complaint, and the September 30, 2011 Memorandum and Order, Freeman's pending reconsideration request which solely seeks relief on the basis that his placement in solitary confinement constituted an atypical and significant hardship does not present any facts or arguments which would undermine this Court's prior determination that the false misconduct charge claims raised against Teacher Lascavage and Knarr as well as the procedural due process claims set forth regarding Hearing Examiner Kerns-Barr were subject to dismissal under Sandin.

The reconsideration motion simply reasserts facts relating to the stabbing of Plaintiff by another inmate as well as the alleged unconstitutional conditions of his RHU confinement. It is especially noted that while Freeman's due process and false misconduct claims were dismissed, his claims regarding the conditions of his confinement in the RHU and the purported failure to

protect him from being stabbed were allowed to proceed.

Freeman's motion also asserts that he was subject to about eighteen (18) months of disciplinary time from August, 2009 to February, 2011. See Doc. 58, p. 5. However, in his Complaint Plaintiff stated that in August, 2009 he was placed in the RHU on administrative custody status and that the misconduct charge by Lascavage was not issued until August 2010. Accordingly, this Court's prior finding that the due process and false misconduct charges were subject to dismissal under Sandin because there was no contention by Plaintiff that the period of his resulting disciplinary confinement from those specific incidents was of such magnitude to implicate a protected liberty interest under Sandin remains appropriate.

Freeman's Complaint raised multiple assertions of retaliation by various Defendants. The September 30, 2011 Memorandum and Order concluded that a retaliation claim raised against Defendant Miller should proceed. It also determined that a viable retaliation claim was not alleged against other Defendants who allegedly failed to protect Freeman's safety. Corrections Defendants' motion for partial dismissal also briefly argued that a viable retaliation claim was not raised against Defendants Knarr, Lascavage and Kerns-Barr. See Doc. 36, p. 30. Specifically, they asserted that the issuance of a misconduct or the finding of guilt on a misconduct charge was "not objectively severe enough to deter a person of ordinary firmness from exercising constitutional rights." Id. However, that retaliation argument was not specifically addressed by this Court's September 30, 2011 Memorandum and Order. Accordingly, the request for dismissal of the retaliation claim will be reviewed.

The filing of a disciplinary charge, although not otherwise actionable under § 1983, is

actionable if done in retaliation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); see also Newsom v. Norris, 888 F.2d 371, 377 (6th Cir. 1989) (filing of false disciplinary charges is not a constitutional violation unless charges were filed in retaliation for the exercise of a constitutional right); Flanagan v. Shively, 783 F. Supp. 922, 931 (M.D. Pa. 1992) (McClure, J.).

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)); Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005) (the mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events).[2]

Once Plaintiff has made a prima facie case, the burden shifts to defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady,

[2] Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

292 F.3d 152, 158 (3d. Cir. 2002)(internal quotation and citation omitted). When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned. Rauser, 241 F.3d at 334.

Plaintiff has not clearly demonstrated that he was engaged in a constitutionally protected activity or that his exercise of a constitutionally protected right was a substantial or motivating factor behind the alleged acts of retaliation by Defendants Lascavage, Knarr and Kerns-Barr as required by Rauser. His vague, speculative contentions of retaliation against those three Defendants are inadequate. As previously noted, Plaintiff acknowledges that the accusations made by Teacher Lascavage were investigated by the Pennsylvania State Police and resulted in the approval of criminal charges by the Northumberland County District Attorney, thus negating Plaintiff's assertion that Lascavage's accusations were retaliatory. Likewise, Plaintiff acknowledges that Hearing Examiner Kerns-Barr made rulings in his favor which likewise undermines his speculative assertions of retaliation by that Defendant. Finally, despite the liberal treatment afforded to pro se litigants, there are simply no facts alleged by Freeman which could adequately show that Knarr issued a retaliatory misconduct.

In conclusion, Plaintiff's pending request for reconsideration fails to establish the presence of any errors of law or fact with respect to this Court's September 30, 2011 conclusion that the false misconduct charge claims raised against Teacher Lascavage and Knarr as well as the procedural due process claims set forth regarding Hearing Examiner Kerns-Barr were subject to dismissal. Moreover, Plaintiff has failed to set forth a viable retaliation claim against any of those officials. Since the reconsideration motion simply does not set forth any newly discovered evidence or precedent which would affect this Court's prior determination, it will be denied. An

appropriate Order will enter.

**AND NOW**, to wit, this 6th day of August 2012, it is hereby **ORDERED** that:

Plaintiff's motion (Doc. 57) seeking reconsideration of this Court's September 30, 2011 Memorandum and Order is **DENIED**.

**BY THE COURT:**

**JUDGE JAMES M. MUNLEY**
**United States District Court**